# Exhibit B



Terminus II, 3333 Piedmont Road NE, Suite 1200
Atlanta, GA 30305
Telephone: 404-870-4600
Fax: 404-872-5547
www.lockelord.com

BRIAN T. CASEY
Direct Telephone: 404.870.4638
Direct Fax: 404.806.5638
E-Mail: bcasey@lockelord.com

May 18, 2016

Mr. Stephen M. Satler
President
AEU Holdings, LLC
8131 Lyndon B. Johnson Freeway
Dallas, TX 75251

Re: Agreement and Instructions for Legal Services

Dear Mr. Satler:

We are pleased that you have asked our Firm to serve as counsel to AEU Holdings, LLC (the "Company"). This letter will confirm our agreement with you and instructions regarding the Company's engagement of this Firm and will describe the terms and basis on which our Firm will provide legal services to the Company.

Our experience has been that it is mutually beneficial to set forth at the outset of our representation the role and responsibilities of both our law firm and our client. Accordingly, we submit for your approval the following provisions governing our engagement. If you are in agreement, please sign the enclosed copy of this letter in the space provided below. If you have any questions about these provisions, or if you would like to discuss possible modifications, do not hesitate to call. Again, we are pleased to have the opportunity to represent the Company.

1. *Client; Instructions and Scope of Representation.* Our client in this matter will be the Company. Our representation does not encompass any other individual or entity, including affiliates, officers, directors, employees, shareholders, or other stakeholders of the Company. We will be engaged to advise the Company in connection with state insurance regulatory, Patient Protection and Affordable Care Act (PPACA), and Employee Retirement Income Security Act (ERISA) compliance matters in connection with employee health benefits plans and products developed by the Company, as may be requested by the Company. The Company may limit or expand the scope of our representation from time to time, provided that any substantial expansion must be agreed to by us.

2. *Client Responsibilities.* The Company agrees to cooperate fully with us and to provide promptly all information known or available to it relevant to our representation. Without such information, we may not be able to represent the Company adequately. The Company also agrees to pay our statements for services and expenses in accordance with paragraph three below.

ATL 436886v.5

Locke Lord LLP

Mr. Stephen M. Satler
AEU Holdings, LLC
May 18, 2016
Page 2

3. *Communication and Fees and Expenses.* I will be the attorney primarily responsible for this representation. When questions or comments arise about our services, staffing, billing, or other aspects of our representation, please contact me. It is important that the Company is satisfied with our services and responsiveness at all times. Our fees will be based primarily on the amount of time we spend in dealing with a matter and the billing rate for each attorney and legal assistant devoting time to the matter. The respective names and current hourly rates for the attorneys employed by the Firm who will likely be working on this Engagement are listed on Exhibit A enclosed herewith. These rates do not include any VAT, taxes, or similar charges which will be added to the statement, if applicable. These billing rates are subject to change from time to time, typically annually, in January of each year. Please feel free at any time to ask for our current rates.

In addition to our fees, the Company will also be billed for disbursements and other charges incurred in performing services, such as photocopying, messenger and overnight delivery, computerized research, videotape recording, travel (including parking, airfare, lodging, meals, and ground transportation), long distance telephone, facsimile transmissions, court costs, and filing fees. To the extent we directly provide any of these services, such as photocopying, we reserve the right to adjust the amount we charge.

In the course of our engagement, it may be necessary for us to arrange for third parties to provide goods or services for the Company's account (such as for local counsel, expert witnesses, and consultants, deposition costs and investigation costs). The Company agrees that in each such case the Company will pay directly their fees and expenses and authorize us to make arrangements to have those parties bill the Company directly. The Company also agrees that it will reimburse us promptly (and separately from our normal invoice procedure, if we determine, in our discretion, separate billing is appropriate) for any such fees and expenses we pay on the Company's behalf.

Statements normally will be rendered monthly for work performed and expenses recorded on our books during the previous month. Payment is due within 30 days of receipt of our statement. If any statement remains unpaid for more than 90 days, we may suspend performing services for the Company until arrangements satisfactory to us have been made for payment of outstanding statements and the payment of future fees and expenses.

It is not possible to give a realistic estimate of the total charges, as the fees and costs relating to this matter are not easily predictable. Any good faith estimate we have provided is based upon the limited information we presently have. We have made no commitment to the Company concerning the maximum fees and costs that will be necessary to resolve or complete this matter. It is also expressly understood that payment of the Firm's fees and costs is in no way contingent on the ultimate outcome of the matter.

ATL 436886v.5

Locke Lord LLP

Mr. Stephen M. Satler
AEU Holdings, LLC
May 18, 2016
Page 3

4. *Conflicts.* As we have discussed, you are aware that the Firm represents many other companies and individuals. Some of these other clients may be direct competitors of yours or otherwise may have business interests that are contrary to your interests. It is possible that during the time that we are representing the Company, some of our present or future clients will have transactions or disputes with the Company. These matters may include corporate matters (such as mergers and acquisitions, takeovers, and other change-in-control issues and transactions); commercial transactions (such as preparation and negotiation of agreements, licenses, leases, loans, securities offerings or underwritings); or intellectual property matters, bankruptcy, taxation matters, or administrative, legislative, policy or similar non-adjudicatory proceedings where we may take positions for other clients that are different from positions you may have taken or might take in the future.

We cannot enter into this engagement if it could interfere with our ability to represent other existing or future clients who are or develop relationships or interests adverse to you. The Company therefore agrees that we may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to our work for the Company even if the interests or legal positions of such clients in those other matters are directly adverse, and waives any conflict of interest with respect thereto. We agree, however, that the Company's prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of our representation of the Company, we have obtained proprietary or other confidential information of a non-public nature, that, if known to such other client, could be used in any such other matter by such client to the Company's material disadvantage. In addition, if you were still a client of the Firm at the time of a dispute, we would not represent the other client if adversarial proceedings were brought by either client against the other.

The Company has agreed that our representation of the Company in this matter above does not give rise to an attorney-client relationship between the Firm and any of the Company's affiliates. The Company has also agreed that the Firm, during the course of its representation of the Company, will not be given any confidential information regarding any of the Company's affiliates. Accordingly, representation of the Company in this matter will not give rise to any conflict of interest in the event other clients of the Firm are adverse to any of the Company's affiliates.

5. *Termination of Engagement.* Our relationship is based upon mutual consent and you may terminate our representation at any time, with or without cause, by notifying us. The Company's termination of our services will not affect its responsibility for payment of fees for legal services rendered and for other charges incurred before termination and in connection with an orderly transition of the matter.

Similarly, we may withdraw from the representation, with or without cause, subject to the rules of professional conduct for the jurisdictions in which we practice. There are several types

ATL 436886v.5

Locke Lord LLP

Mr. Stephen M. Satler
AEU Holdings, LLC
May 18, 2016
Page 4

of conduct or circumstances that may permit us to withdraw from representing a client, including for example, nonpayment of fees or costs, misrepresentation or failure to disclose material facts, fundamental disagreements, and a conflict of interest with another client. We try to identify in advance and discuss with the Company any situation that may lead to our withdrawal and, if withdrawal ever becomes necessary, we will give the Company written notice of our withdrawal. If we elect to withdraw for any reason, we will be entitled to be paid for all services rendered and charges accrued on the Company's behalf prior to the date of withdrawal.

6. *Conclusion of Representation; Retention and Disposition of Documents and Materials.* Unless previously terminated, our representation of you will automatically terminate upon the earlier of (a) our sending you our final statement for services rendered in this matter or (b) upon our completion of the specific services that you have retained us to perform. Subsequent statements sent to collect expenses and/or unpaid fees, and/or the state of accounting/business records or client lists at the Firm, shall not determine or extend the attorney-client relationship. If you later retain us, and we agree, to perform further or additional services, our attorney-client relationship will be revived, subject to these and any supplemental terms of engagement.

Following termination, any otherwise non-public information the Company supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional conduct. At the Company's request, its papers and property will be returned to it promptly. We may retain Firm files including, for example, electronic records, Firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports prepared by or for the internal use of lawyers. All documents retained by the Firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to, and typically do, destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement. If you would like to maintain in your own files certain documents, we suggest that promptly following the completion of the matter, you request that we send you copies of these documents for your own files.

7. *Post-Engagement Matters.* The Company has provided instructions and is engaging the Firm to provide legal services in connection with a specific matter. After completion of the matter, changes may occur in the applicable laws or regulations that could have an impact upon the Company's future rights and liabilities. Unless the Company specifically engages us after completion of the matter to provide additional advice on issues arising from the matter, the Firm has no continuing obligation to advise the Company with respect to future legal developments.

ATL 436886v.5

Locke Lord LLP

Mr. Stephen M. Satler
AEU Holdings, LLC
May 18, 2016
Page 5

8. *Conclusion.* I hope this letter covers all relevant points, but please let me know as soon as possible if you require clarification.

Please sign, date and return the enclosed copy of this letter. We very much look forward to working with you on this matter. Should you have any questions about our representation or billed amounts at any time during the course of our relationship, please do not hesitate to call me at 404.870.4638.

Very truly yours,

Brian T. Casey
For the Firm


AGREED AND ACCEPTED

**AEU HOLDINGS, LLC**

By: _Stephen M Satler_
Title: President
Date: 05/18/2016

ATL 436886v.5

## EXHIBIT A

## RATE SHEET

| Name of Attorney | Practice Description | 2016 Standard Hourly Rate[1] |
|---|---|---|
| Brian T. Casey<br>*Partner* | Insurance Regulatory Compliance and Transactions | $830.00 |
| Larry Hansen<br>*Partner* | Insurance Regulatory Compliance, PPACA and ERISA | $910.00 |
| Ben Sykes<br>*Associate* | Insurance Regulatory Compliance, PPACA and ERISA | $520.00 |

---

[1] Subject to change in any succeeding calendar year.

ATL 436886v.5