# Exhibit H

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, | : : : | |
| Plaintiff, | : : | **CIVIL ACTION NO.** 1:17-cv-07931-JFK-BWJ |
| v. | : : : | Hon. John F. Kness, |
| **AEU BENEFITS, LLC, et al,** | : : | District Judge |
| Defendants. | : : : | Hon. Sheila Finnegan, Magistrate Judge |

## CONSENT ORDER AND JUDGMENT AS TO JAMES D'IORIO

Plaintiff **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, et seq., filed a complaint against defendants **AEU HOLDINGS, LLC** ("AEU Holdings"), **AEU BENEFITS, LLC** ("AEU Benefits"), and officers **STEPHEN SATLER** and **STEVEN GOLDBERG** (collectively, "AEU Defendants"); **VERITAS PEO, LLC**, **VERITAS BENEFITS, LLC**, and owners **CHARLES LAMANTIA** and **JAMES D'IORIO**; **SD TRUST ADVISORS, LLC**; **WILSON BENEFIT SERVICES, LLC, WBS, LLC,** and owner **DONALD R. WILSON**; and **BLACK WOLF CONSULTING, INC.** and owner **ROD MAYNOR** (collectively, "Black Wolf") alleging breaches of their fiduciary responsibilities under ERISA §§ 403(a), 404(a) and (b), and 406(a) and (b), and that some of the defendants were knowing participants in these violations, with respect to the non-ERISA covered MEWA known as the AEU Holdings LLC Employee Benefit Plan ("AEU Plan")

and the more than 200 ERISA-covered employer plans participating in the AEU Plan ("Participating Plans").

Defendant James D'Iorio ("D'Iorio") acknowledges service of the Secretary's First Amended Complaint and Second Amended Complaint and admits to the jurisdiction of this Court over it and the subject matter of this action.

The Secretary and Defendant D'Iorio have agreed to resolve all matters in controversy in this action between them (except for the imposition by the Secretary of any penalty pursuant to ERISA §502(l), 29 U.S.C. §1132(l), and any proceedings related thereto), and said parties do now consent to entry of a Consent Order and Judgment by this Court in accordance therewith.

The parties agree that, if the Secretary assesses a penalty pursuant to ERISA §502(l) in connection with the violations alleged in this matter, the "applicable recovery amount" shall include all amounts paid in accordance with this Consent Order and Judgment.

Defendant D'Iorio expressly acknowledges and represents that he has read this Consent Order and Judgment and understands its provisions.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that:

1. Defendant D'Iorio is permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §1001 *et seq*.

2. Defendant D'Iorio is permanently enjoined and restrained from serving as fiduciary or service provider to any ERISA-covered plans. Defendant D'Iorio is further permanently enjoined and restrained from owning or serving as an officer of any entity that serves as a fiduciary or service provider to any ERISA-covered plans. The foregoing injunction does not

prohibit D'Iorio from being an employee or broker of a company that sells insurance products which has divisions or other personnel who are ERISA fiduciaries or service providers, so long as D'Iorio is not himself acting as an ERISA fiduciary or service providers in his capacity as an employee or broker of such company. The foregoing injunction also does not prohibit D'Iorio from being an owner, shareholder, principal, partner or officer of a company that maintains ERISA-qualified health or retirement plans for its own employees or company, so long as D'Iorio not acting as an ERISA fiduciary or service provider in any of those positions.

3. Defendant D'Iorio shall cooperate fully, at his own expense, with the Secretary during his litigation of the Secretary's lawsuit *Walsh v. AEU Benefits, LLC, et al.*, No. 1:17-cv-07931 (N.D. Ill.), including providing all requested documents, sitting for a deposition, testifying at trial, and completing all declarations deemed necessary by the Secretary in support of or in response to any motions in the matter.

4. Defendant D'Iorio shall cooperate fully, at his own expense, with any litigation brought by the court-appointed Independent Fiduciary in this matter or any related matters, including providing all requested documents, sitting for depositions, testifying at trials, and completing all declarations deemed necessary by the Independent Fiduciary in support of or in response to any motions in any of its litigation.

5. Defendant D'Iorio agrees he has no claim on any monies recovered by the Independent Fiduciary to date, including those funds seized under the TRO/preliminary injunction in the Secretary's lawsuit *Walsh v. AEU Benefits, LLC, et al.*, No. 1:17-cv-07931 (N.D. Ill.).

6. Defendant D'Iorio is liable to the AEU Plan in the total amount of $8,000,000 ("Liability Amount").

7. In reliance on the representations made by Defendant D'Iorio in the financial disclosure documents and declarations he provided to the Secretary, which show that he is currently unable to immediately restore to the AEU Plan the total amount of $8,000,000, the Secretary agrees to forbear immediate collection of the entire Liability Amount. In recognition thereof and based on Defendant D'Iorio's current ability to pay, Defendant D'Iorio shall pay $150,000.00 ("Restitution Amount") in accordance with Paragraph 8.

8. Defendant D'Iorio shall restore to the AEU Plan the Restitution Amount by remitting the Restitution Amount specified in Paragraph 7 as follows:

a. Defendant D'Iorio shall tender all payments to the AEU Plan, through the Independent Fiduciary, by wire or ACH transfer to Regions Bank, for credit to the AEU Holding Benefit Plan Account No. xxxxxxxxxx, ABA Routing Number xxxxxxxxx, (account numbers shall be provided via separate correspondence).

b. Upon his execution of this Consent Order and Judgment, Defendant D'Iorio shall pay $15,000 to the AEU Plan on or before October 1, 2021, through the Independent Fiduciary.

c. Commencing on November 1, 2021, Defendant D'Iorio shall pay $4,500 per month for a period of 30 consecutive months to the AEU Plan, through the Independent Fiduciary. These monthly payments will be due on the first day of the month; except Defendant D'Iorio shall have the option, but not the obligation to prepay part or all of the unpaid balance of the Restitution Amount at any point prior to the due date for the final payment, in which case the number of remaining payments shall be reduced accordingly.

9. Defendant D'Iorio shall provide copies of his Federal and State tax returns on or

before May 1 each year for 2022, 2023, and 2024 or by November 1 if an extension is filed, or annual financial declarations (in the same form as provided to the Secretary in April 2021) by May 1, if no tax returns are filed, to Isabel Culver, EBSA Regional Director, EBSA Atlanta Regional Office, 61 Forsyth Street, S.W., Room 7B54, Atlanta, Georgia 30303.

10. In addition to paying the Restitution Amount, as set forth in Paragraphs 7 and 8 above, if Defendant D'Iorio's annual Income exceeds $75,000, he will pay 30% of his annual Income that exceeds $75,000 to the AEU Plan ("Income Payments"), for any year during which Defendant D'Iorio was required to make payments on the Restitution Amount. Defendant D'Iorio shall make any required Income Payments to the AEU Plan, through the Independent Fiduciary in the manner prescribed in paragraph 8(a), within thirty (30) days of filing his Federal Tax Return, or submitting his annual financial declaration to the EBSA Regional Director, whichever is earlier. For the purposes of this paragraph, annual Income shall mean the adjusted gross income on the IRS Tax Form 1040.

11. If Defendant D'Iorio fails to make any of the restorations described in Paragraphs 8 and 10 above on or before the dates set forth therein, the entire amount of the balance remaining on the Restitution Amount and any outstanding Income Payments shall become due and payable immediately together with post-judgment interest pursuant to 28 U.S.C. § 1961, commencing from the date the default occurred through the date of full restoration, with no further notice or demand required by the Secretary to Defendant.

12. If it is found that the financial documents Defendant D'Iorio provided to the Secretary regarding his financial status are materially untrue, the Liability Amount (minus payments made pursuant to the Consent Order and Judgment) shall immediately become due and payable to the AEU Plan by Defendant D'Iorio, together with post-judgment interest pursuant to

28 U.S.C. § 1961, commencing from the date the default occurred through the date of full restoration.

13. In the event Defendant D'Iorio files for bankruptcy protection after the entry of this Consent Order and Judgment, all unpaid monetary liability set forth in the Consent Order and Judgment, which resulted from Defendant's knowing participation of the breach of fiduciary duties as set forth in the Secretary's complaint is, and shall be treated as, a nondischargeable debt under § 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4). Defendant D'Iorio therefore, agrees not to list this debt as dischargeable and agrees not to contest its nondischargeability.

14. Defendant D'Iorio shall pay the AEU Plan 30% of any payments, returns, or distributions (up to the Liability Amount) received by D'Iorio related to the Skyview Townhomes of Brandon that is paid to him while he is still obligated to make payments of the Restitution Amount under this Agreement, within thirty (30) days of D'Iorio receiving of any such payment, return, or distribution. Payments shall be made as prescribed in paragraph 8(a). Defendant D'Iorio shall provide documentation of such payments, returns, or distributions received to Isabel Culver, EBSA Regional Director, EBSA Atlanta Regional Office, 61 Forsyth Street, S.W., Room 7B54, Atlanta, Georgia 30303

15. If Defendant D'Iorio receives any gifts; lottery and/or gambling winnings; or proceeds of any life insurance policies that are over $10,000, he shall pay the AEU Plan 100% of such earnings within 30 days of receipt above and beyond the $10,000 up to the full amount of liability of $8,000,000.

16. Defendant D'Iorio agrees he will notify Isabel Culver, EBSA Regional Director, EBSA Atlanta Regional Office, 61 Forsyth Street, S.W., Room 7B54, Atlanta, Georgia 30303, within seven (7) days of any change of his name, residence, telephone number, mailing address or

employment until the amounts recited in this Consent Order and Judgment are restored to the AEU Plan; and will provide proof of all payments made under this Consent Order and Judgment to the Regional Director, EBSA, within five days of each payment to the persons with the following email addresses: rivera.norman@dol.gov and langer.kim@dol.gov.

17. Defendant D'Iorio expressly waives, releases and forever discharges all claims that he has or may have against the Secretary, or any of his agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the investigation and litigation of this case captioned above and the settlement relating thereto. In particular, Defendant D'Iorio expressly waives all claims under the Equal Access to Justice Act (Pub. Law No. 96-481 (1980), reenacted at Pub. Law No. 99-80 (1985) and amended at Pub. Law No. 104-121 (1996)) which he has or may have against the Secretary or any of his agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the investigation or litigation of this case and the settlement relating thereto.

18. Upon completion and receipt of the payments as outlined herein by Defendant D'Iorio, the Secretary expressly waives, releases, and forever discharges all claims, monetary or equitable, asserted against Defendant D'Iorio in the complaint filed in this action captioned above. Notwithstanding the foregoing sentence, nothing in this Judgment shall be deemed to waive any claim relating to the obligations set forth in this Judgment, including enforcement of injunctions. The Secretary expressly preserves all claims that he may have against any other person or entity other than Defendant D'Iorio.

19. Nothing in the Consent Order and Judgment is binding on any government agency other than the United States Department of Labor, Employee Benefits Security Administration.

20. The Court finds that there is no just reason to delay the entry of this Judgment, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, expressly directs the entry thereof as a Final Order and Judgment as to Defendant D'Iorio.

DATED ___September 7, 2021___, 2021

_____
UNITED STATES DISTRICT JUDGE

The parties hereby consent to the entry of this consent order and judgment:

**PLAINTIFF:**

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Bruce C. Canetti                          DATED:   9/1/21
Bruce C. Canetti
Senior Trial Attorney

JoAnn G. Lim
Trial Attorney

Attorneys for **MARTIN J. WALSH**,
Secretary of Labor, United States
Department of Labor, Plaintiff

**P.O. ADDRESS:**
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Room 844
Chicago, IL 60604
T: (312) 353-3271
F: (312) 353-5698
canetti.bruce@dol.gov


**DEFENDANT JAMES D'IORIO:**

/s/ James D'Iorio                             DATED:   9/1/21
By: James D'Iorio

8