IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RECEIVERSHIP MANAGEMENT, INC. ) <br> in its capacity as Independent ) <br> Fiduciary of the AEU HOLDINGS, ) <br> LLC Employee Benefit Plan and ) <br> Participating Plans, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOCKE LORD LLP, ) <br> ) <br> Defendant. ) | Case No. 1:18-cv-08158 <br><br> Judge John F. Kness <br> Magistrate Judge Beth W. Jantz |

## AGREED MOTION FOR ORDER REGARDING INADVERTENT PRODUCTION

Plaintiff Receivership Management, Inc., in its capacity as Independent Fiduciary of the AEU Holdings, LLC Employee Benefit Plan and Participating Plans, with the agreement of Defendant Locke Lord LLP (together, the "Parties"), moves for entry of the attached Order Regarding Inadvertent Production, and in support thereof state as follows:

1. Discovery in this case will include production of both hard copy documents and electronically stored information ("ESI"). The Parties agree that due to the sheer volume involved, there is a risk that, notwithstanding a reasonably careful review, one or more otherwise privileged or protected documents may be inadvertently produced.

2. While the Parties have taken measures, to the extent feasible and necessary, to decrease the likelihood that privileged or protected documents and ESI will be inadvertently produced, they agree that the production of documents and ESI will be completed most expeditiously with entry of an Order protecting against inadvertent production of privileged or protected documents and ESI.

3. To assure the protection of privileged or protected documents and ESI, the Parties request entry of the Agreed Order Regarding Inadvertent Production ("Proposed Order"), attached hereto as Exhibit A.

4. The Proposed Order is substantively identical to the Agreed Order Regarding Inadvertent Production entered by the Court in the related matter *Receivership Management, Inc. v. A.J. Corso & Associates, Inc. et al.*, Case 1:19-cv-01385. (Dkt. #433).

5. A copy of the Proposed Order in Word format has been attached to an e-mail addressed to *Proposed_Order_Jantz@ilnd.uscourts.gov.* pursuant to the Court's Case Procedures.

WHEREFORE, Plaintiff requests entry of the proposed Agreed Order Regarding Inadvertent Production attached hereto as Exhibit A.

Respectfully submitted,

**Receivership Management, Inc. in its capacity as the Independent Fiduciary of the AEU Holdings, LLC, Employee Benefit Plan and Participating Plans**

January 30, 2023        By:    /s/ C. Philip Curley
                                One of Plaintiff's Attorneys

C. Philip Curley
Cynthia H. Hyndman
Robert L. Margolis
ROBINSON CURLEY P.C.
200 North LaSalle Street, Suite 1550
Chicago, Illinois 60601
(312) 663-3100
pcurley@robinsoncurley.com
chyndman@robinsoncurley.com
rmargolis@robinsoncurley.com

J. Graham Matherne
Andrew J. Pulliam
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1050
Nashville, Tennessee 37201
(615) 244-0020
gmatherne@wyattfirm.com
apulliam@wyattfirm.com

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RECEIVERSHIP MANAGEMENT, INC. ) <br> in its capacity as Independent ) <br> Fiduciary of the AEU HOLDINGS, ) <br> LLC Employee Benefit Plan and ) <br> Participating Plans, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> LOCKE LORD LLP, ) <br> ) <br> **Defendant.** ) | Case No. 1:18-cv-08158 <br><br> Judge John F. Kness <br> Magistrate Judge Beth W. Jantz |

## [PROPOSED] AGREED ORDER REGARDING INADVERTENT PRODUCTION

Upon agreement of the Parties, the following Order Regarding Inadvertent Production is entered herein:

1.  Inadvertent production of a privileged or protected document or electronically stored information ("ESI") shall not, for the purposes of this proceeding or any other proceeding in any other court, be deemed a waiver of any claim of privilege or protection applicable as to such document or ESI, and the same may thereafter be retrieved by written notice, provided the producing Party notifies counsel for the other Parties in writing within thirty (30) days following its discovery of the inadvertent production.

2.  If a Party inadvertently produces a document or ESI that is privileged, in whole or in part, pursuant to the attorney-client privilege, the work-product doctrine, trade secret, or any other applicable privilege, immunity, or protection, the producing Party may retrieve the privileged document or ESI by giving written notice of the claimed privilege to all Parties who received copies of the produced document or ESI.

3.      The Parties represent that due to the sheer volume involved, there is a risk that, notwithstanding a reasonably careful review, one or more otherwise privileged or protected documents may be inadvertently produced and that each Party has taken some measure to decrease the likelihood that privileged and/or protected documents and ESI would be inadvertently produced.

4.      The terms of the preceding Paragraph shall not be deemed a waiver of a Party's right to contest the producing Party's designation of any document as privileged or protected, nor shall such inadvertent production of a document that is subsequently recalled pursuant to this Paragraph be deemed a waiver of, or an estoppel as to, the asserted privilege.

**E N T E R:**

_____

Beth W. Jantz
United States Magistrate Judge

Dated: January \_\_\_ , 2023