UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RECEIVERSHIP MANAGEMENT, INC. in its capacity as Independent Fiduciary of the AEU HOLDINGS, LLC Employee Benefit Plan and Participating Plans, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:18-cv-08158 Judge John F. Kness |
| v. | ) ) | Magistrate Judge Beth W. Jantz |
| LOCKE LORD LLP, | ) ) ) | |
| Defendant. | ) | |

## ORDER

    For the reasons stated below, the Court finds that no person has come forward to assert attorney-client privilege on behalf of Veritas Benefits, LLC and all evidence demonstrates that Veritas is a defunct entity. Therefore, Locke Lord is ordered to produce all communications with Veritas that are responsive to Plaintiff's discovery requests. The parties are to meet and confer by no later than 8/22/2023 on a mutually agreeable timetable for the Veritas-related production, keeping in mind the fact discovery deadline of 4/30/2024. The parties are to include an update on the Veritas-related production in the previously ordered joint status report due by 9/14/2023.

## STATEMENT

    The Court is in receipt of Defendant Locke Lord's status report [138] and supplemental status report [140] regarding its efforts to serve on former officers and representatives of Veritas Benefits, LLC ("Veritas") a copy of the Court's 6/7/2023 memorandum opinion and order regarding Locke Lord's Motion for Ruling on Privilege Waiver. In the 6/7/2023 Order, this Court explained that these individuals and entities had until 7/7/2023 to come forward to either assert attorney-client privilege on behalf of Veritas, or share any information they had about the continued functioning of Veritas. Locke Lord has provided evidence of service on Mr. D'Iorio, Mr. LaMantia, Mr. LaMantia's lawyer in the DOL litigation, AEUH's lawyers in the DOL lawsuit, Elaine Nussbaum Brasch (AISM's former registered agent), Registered Agent Solutions, Inc. (AEUH's former registered agent), Thomas Stoughton (a former AISM officer), and Sterling Godfrey Holding Inc. (manager of Veritas).

    As of 7/18/2023, only Mr. LaMantia has responded (through his prior counsel) to Locke Lord's notice, and he has asserted that: "(i) Mr. LaMantia believes that Veritas no longer exists, (ii) if Veritas does exist, Mr. LaMantia believes he no longer has an ownership or officer role and is not authorized to act for Veritas, and (iii) if he remains an owner, an officer, or is otherwise

1

authorized to act for Veritas, he "declines to assert any privilege that may be available to Veritas Benefits, LLC and waives any such privilege with respect to communications with Locke Lord LLP." [Dkt. 140 at 3.]

Neither Locke Lord or the Court has received any response from any other of the previous managers or registered agents of Veritas. Given that no one has stepped forward to assert any authority to speak on behalf of Veritas or to assert attorney-client privilege, along with the evidence that Veritas' entity status has been "permanently revoked" according to the Nevada Secretary of State, the Court assumes that Veritas is defunct and determines that the attorney-client privilege has expired along with the entity. *See* this Court's 6/7/23 Order.

Thus, Locke Lord is ordered to produce responsive communications with Veritas, as requested by Plaintiff. The parties are to meet and confer by no later than 8/22/2023 on a mutually agreeable timetable for the Veritas-related production, keeping in mind the fact discovery deadline of 4/30/2024. The parties are to include an update on the Veritas-related production in the previously ordered joint status report due by 9/14/2023.

E N T E R :

Dated: 8/2/23

BETH W. JANTZ
United States Magistrate Judge